UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HUSSEIN NAMOYA,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 17-5878 (KM)

**MEMORANDUM OPINION**

### KEVIN MCNULTY, U.S.D.J.

Petitioner, Hussein Namoya, is an immigration detainee who was detained at the Essex County Correctional Facility, in Newark, New Jersey, when he commenced this proceeding. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, and upon consent of respondent, the habeas petition will be granted to the extent that Mr. Namoya, if still in custody, will be granted a bond hearing.

Mr. Namoya is a native and citizen of Kenya. He entered the United States in February 2004, and resided here since that time, becoming a lawful permanent resident in 2010. Mr. Namoya was convicted in New Jersey of a controlled-dangerous-substance offense in 2015. On September 13, 2016, the Department of Homeland Security, Immigrations and Customs Enforcement, ("ICE") issued him a notice to appear and commenced removal proceedings against him. ICE took Mr. Namoya into immigration custody on September 15, 2016, finding that he was subject to mandatory detention under 8 U.S.C. § 1226(c).

Mr. Namoya filed this habeas petition on August 7, 2017. He seeks an order granting his immediate release from immigration detention or, alternatively, directing that a bond hearing

take place before the Immigration Court. On August 28, 2017, I ordered respondent to file an answer responding to Mr. Namoya's petition. (ECF No. 2.) I also ordered respondent to notify the Court within seven days of Mr. Namoya's release from custody, "by parole or otherwise." (*Id.*) Counsel for respondent subsequently filed a response stating that "the United States does not object to the Court entering an order remanding this matter to the Immigration Court for a bond hearing." (ECF No. 4.)

Under 8 U.S.C. § 1226(c)(1), certain criminal aliens are subject to mandatory pre-removal detention. The United States Court of Appeals for the Third Circuit, in *Diop v. ICE/Homeland Security*, 656 F. 3d 221 (3d Cir. 2011), held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Id.* at 234–35. The Third Circuit subsequently noted that pre-removal detention under § 1226(c) without an individualized showing of necessity would become constitutionally problematic at some point after six months of detention, and certainly within one year. *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015).

As respondent does not oppose giving Mr. Namoya a bond hearing, I will remand this proceeding to the Immigration Court for the purposes of holding such a hearing. I additionally note that the ICE Online Detainee Locator System appears to indicate that Mr. Namoya is no longer be in immigration custody. If it is indeed the case that Mr. Namoya has been released or removed, a bond hearing would of course be moot and unnecessary.

For the foregoing reasons, the habeas petition will be granted insofar as, if Mr. Namoya remains in immigration custody, an Immigration Judge shall provide him with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within thirty days of the date of this memorandum opinion. If Mr. Namoya is no longer in custody, then the proceeding may be considered dismissed as moot. *See Lindaastuty v. Att'y Gen. of U.S.*, 186 F. App'x 294, 298 (3d Cir. 2006). An appropriate order will be entered.

DATED: April 2, 2018

KEVIN MCNULTY
United States District Judge